**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1989-17T2

BOROUGH OF
HIGHLAND PARK,

     Plaintiff-Respondent,

v.

MITCHELL S. CAPPELL,

     Defendant-Appellant.

_____

Argued November 15, 2018 – Decided June 28, 2019

Before Judges Simonelli, O'Connor and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000195-16.

Elliot D. Ostrove argued the cause for appellant (Epstein Ostrove, LLC, attorneys; Elliot D. Ostrove, on the briefs).

Michael A. Cifelli argued the cause for respondent (Florio Kenny Raval, LLP, attorneys; Michael A. Cifelli, of counsel and on the brief).

PER CURIAM

Defendant Mitchell S. Cappell appeals from a November 20, 2017 order that, among other things, denied his and granted plaintiff Borough of Highland Park's (Borough) motion for summary judgment. After examining the record and applicable legal principles, we reverse and remand for further proceedings.

I

A

We first address the trial court's decision to grant the Borough summary judgment. The salient facts, derived from the motion record and viewed in the light most favorable to defendant, see Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995), are as follows.

In 2013, defendant owned a house in the Borough. Defendant wanted to renovate the house and, in June 2013, obtained a construction permit from the Borough's Construction Office. The permit indicates the work to be performed was the renovation of the second floor and to "add a level." The permit also states, "Drawings to follow." It is not disputed the term "drawings" refers to construction plans.

On November 22, 2015, almost two-and-one-half years after defendant commenced construction and renovation on the house, Scott Brescher, the

construction officer for the Borough, issued a "stop construction" order to defendant. A copy of this order was not included in the record, and the record does not otherwise reveal why this order was issued.

Because the roof was not complete, defendant sought permission from the Borough to cover the house, in order to prevent rain and snow from entering the structure. On December 15, 2015, the Borough's attorney contacted defendant's attorney and advised that "work may continue to close the building." Defendant resumed work to cover the top of the house in order to protect it from the elements.

On January 11, 2016, the Borough issued to defendant a notice and order of penalty, which imposed a fine of $2500 because defendant continued to work on the house after the issuance of the stop construction order the previous November. Defendant's attorney contacted the Borough's attorney and explained defendant did the additional work for the purpose of closing the roof or covering the house.

On January 22, 2016, the Borough's attorney sent a letter to defendant's attorney stating, "Highland Park agrees that your client can certainly secure the property by installing immediately sheathing (the base plywood) on the existing new frame of the roof." The next day there was a snowstorm and, because the

3

roof was not complete and the covering over the house was inadequate, snow and ice entered the house.

After the storm, defendant continued to work on the house, but solely for the purpose of protecting it from the weather. On February 18, 2016, the Borough issued another notice and order of penalty to defendant, imposing a fine of $2000 because defendant failed to comply with the January 11, 2016 notice. When defendant's agent asked Brescher why the order was issued when the Borough's attorney had given defendant permission to "close up the house," Brescher stated the permission given to defendant pertained only to the days preceding the snowstorm in January.

Defendant appealed the stop construction order and the two penalties the Borough imposed on him to the Middlesex County Construction Board of Appeals (Board). A copy of the Board's decision was not provided in the record, but it is undisputed that, because there was a question whether defendant had been properly served with the stop construction order, as well as the two notices and orders of penalty, the Board vacated all of the orders and penalties.

On August 17, 2016, the Borough issued a new stop construction order (August 2016 order). The order stated it was entered because defendant did not have at the construction site or submit to the construction office stamped, sealed

plans for the construction he intended to perform on his property, in violation of N.J.A.C. 5:23-2.16(e), and also failed to provide "zoning documentation" pertaining to the addition to the house. The order does not identify the specific zoning documentation defendant was required to produce. The August 2016 order also stated the failure to comply with such order may result in the assessment of a penalty of up to $50 per day per violation.

In November 2016, plaintiff filed a verified complaint alleging, among other things, that defendant was in violation of the August 2016 order, because he failed to provide to the Borough plans that were drawn to scale and did not obtain a resolution from the Highland Park Zoning Board of Adjustment granting defendant a height variance.

Defendant filed an answer and verified counterclaim. He contended that, in reliance upon the Borough approving his permit in June 2013, he performed extensive work upon the house for approximately two-and-one-half years. Then, in November 2015, plaintiff issued the stop construction order. Thereafter, with the Borough's permission, defendant worked on the house for the purpose of protecting it from the weather yet, in January and February 2016, plaintiff imposed penalties upon defendant.

A-1989-17T2

In his counterclaim, defendant alleges the Borough imposed such penalties for the purpose of harassing him and devaluing his property. He claims he is entitled to damages on the grounds the Borough's actions violated 42 U.S.C. § 1983, 42 U.S.C. § 1986, the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, and were an abuse of process.

In the fall of 2017, the Borough filed a motion and defendant a cross-motion for summary judgment. At that time, the discovery end date was April 15, 2018. The principal relief the Borough sought was that the court grant it summary judgment, and that defendant be ordered to (1) remove all construction equipment and debris from the subject property; (2) restore the roof to its pre-construction height; and (3) cease using the property until there had been a "complete remediation to address the illegal construction." In addition, the Borough sought the dismissal of defendant's counterclaim, arguing the condition about which defendant complained in such pleading was created by his violation of the law.

In its motion, the Borough did not seek that plaintiff pay the $2000 penalty the Borough sought in the August 2016 order, or argue defendant's plans were insufficient because they were not stamped or sealed. Instead, the Borough contended it was entitled to the relief it sought because defendant failed to

6

submit plans drawn to scale, in violation of N.J.A.C. 5:23-2.15(f)(1), making the permit issued to defendant invalid.[1]

In response to the Borough's motion, defendant submitted a certification claiming that after he submitted his plans to the Borough, Scott Luthman, the Borough's construction officer in 2013, told him he could "go ahead with construction." Luthman never complained about the construction defendant undertook at the house, even though Luthman was "observing" the property every few weeks. Defendant further certified he saw a copy of a document in the Construction Office's file indicating the Borough approved the plans he had submitted.

In reply to defendant's certification, the Borough submitted a certification executed by Luthman, who claimed defendant never submitted any plans "as required." Luthman stated that because defendant did not submit any plans as "required," defendant was only permitted to "begin demolition and that was explained to him by me." It is not clear from Luthman's certification whether

---

[1] It is not disputed the borough lost its file pertaining to defendant's project on the house, and did not have a copy of the plans defendant submitted to the borough in 2013. However, the record indicates that, in response to discovery requests, defendant produced the plans he purportedly submitted to the borough in 2013.

defendant failed to submit plans that were drawn to scale, as required by N.J.A.C. 5:23-2.15(f)(1), or whether defendant did not submit any plans at all.

The trial court granted the Borough's motion for summary judgment. The court determined defendant failed to submit to the Borough "plans . . . consistent with the [C]ode that would allow [defendant] to continue construction." The court essentially found the plans insufficient because they were not drawn to scale and that such deficiency invalidated defendant's permit, precluding him from engaging in further construction on the house.

On the basis of those findings, the court entered the November 20, 2017 order granting the Borough's motion for summary judgment and denying defendant's motion for summary judgment. The order also directed defendant to fully restore the exterior of the house to its pre-construction condition, and remove all exterior scaffolding, construction equipment, and construction debris, within thirty days. Further, defendant was ordered to restore the roof to its pre-construction height and condition within sixty days. Defendant appeals from the November 20, 2017 order.

B

On appeal, defendant's contentions pertaining to the trial court granting the Borough's motion for summary judgment are as follows: (1) the court failed

to make adequate findings of fact and conclusions of law; (2) expert testimony is required to determine whether or not the plans he submitted to the Borough were drawn to scale; (3) granting summary judgment was premature because the discovery period had not expired and defendant had not concluded conducting discovery; and (4) there existed genuine issues of material fact, which warranted the denial of summary judgment.

In considering defendant's appeal, we must adhere to well-settled principles applicable to summary judgment motions. The trial court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540; see also R. 4:46-2(c). The trial court cannot resolve contested factual issues but instead must determine whether there are any genuine factual disputes. Agurto v. Guhr, 381 N.J. Super. 519, 525 (App. Div. 2005). If there are materially disputed facts, the motion for summary judgment should be denied. Parks v. Rogers, 176 N.J. 491, 502 (2003). We must observe the same standards when we review an order granting summary judgment, including that we view the record in a light most favorable to the non-moving party. See W.J.A. v. D.A., 210 N.J. 229, 237-38 (2012).

A-1989-17T2

We turn to defendant's first contention, specifically, that the quality of the court's findings and facts and conclusions of law was insufficient. We agree the court's explanation of why it found the Borough entitled to summary judgment was limited. However, a close reading of the court's comments reveals the court implicitly found defendant's permit invalid because the plans defendant submitted were not drawn to scale, as required by N.J.A.C. 5:23-2.15(f)(1), and that such deficiency was tantamount to the Borough having issued an invalid permit to defendant. Because without a valid permit he did not have the authority to conduct any construction on the house, the court determined defendant was obligated to restore the property to the condition it was in before construction began. In the final analysis, we do not have a quarrel with the quality of the court's explanation of its finding.

Defendant next contends expert testimony is required to determine if the plans were drawn to scale. We disagree. The admissibility of expert testimony is governed by N.J.R.E. 702, which provides, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion

10

or otherwise." However, this Rule does not mean such testimony is always required.

Expert testimony is needed only when "a subject is so esoteric that jurors of common judgment and experience cannot form a valid conclusion." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 450 (1993) (quoting Wyatt v. Wyatt, 217 N.J. Super. 580, 591 (App. Div. 1987)). The need for expert testimony is ordinarily a matter resting within the discretion of the trial judge. State v. Griffin, 120 N.J. Super. 13, 20 (App. Div. 1972).

Here, we are satisfied the trial court did not abuse its discretion when it determined the plans were not drawn to scale. It is obvious the plans are devoid of any graphic bar scale, legend, or other tool to enable the reader to ascertain the size or dimensions of the house, let alone the proposed construction or renovations to such structure.

Defendant argues that granting the Borough summary judgment was not only premature because discovery had not been completed, but also there exists genuine issues of material fact that preclude the entry of summary judgment. We agree with both contentions.

Defendant argues the Borough was equitably estopped from taking action against him to thwart continued construction on his home. As noted, in response

to the Borough's motion for summary judgment, defendant certified that, after defendant obtained a permit and submitted his plans to the Construction Office, Luthman told defendant he could proceed with the planned construction. Over the next two-and-a-half years, Luthman never voiced any objection to the ongoing construction at the house, even though he periodically visited the site. Luthman denies defendant's allegations, but as this is the Borough's motion for summary judgment, we must accept as true defendant's factual assertions. See Brill, 142 N.J. at 524.

Defendant contends he reasonably relied upon the Borough's representation that he was permitted to proceed with his plans to renovate the house, permission that was granted after defendant received the permit and submitted the subject plans. Defendant claims he should not be prejudiced because he relied upon the construction officer to his detriment. Therefore, defendant contends, the Borough must be estopped from taking action to invalidate the permit and thwart construction on the house, and the provisions in the November 20, 2017 order granting plaintiff relief reversed.

"The essential principle of the doctrine of estoppel is that one may, by voluntary conduct, be precluded from taking a course of action that would work injustice and wrong to one who with good reason and in good faith has relied

12

upon such conduct." Grasso v. Borough of Spring Lake Heights, 375 N.J. Super. 187, 194 (Law Div. 2003) (citing Middletown Twp. Policemen's Benevolent Ass'n. Local No. 124 v. Twp. of Middletown, 162 N.J. 361, 367 (2000)) aff'd in part, 375 N.J. Super. 41 (App. Div. 2004).

In Motley v. Borough of Seaside Park Zoning Bd. of Adjustment, 430 N.J. Super. 132 (App. Div. 2013), we noted that:

> [i]n the specific context of the issuance of building permits, the application of estoppel requires proof of four elements: (1) the building permit was issued in good faith, (2) the building inspector acted "within the ambit of [his] duty" in issuing the permit, (3) a sufficient question of interpretation of the relevant statutes or zoning ordinances as to "render doubtful a charge that the . . . official acted without any reasonable basis" for issuing the permit, and (4) there was "proper good faith reliance" on the issuance of the permit.
>
> [Id. at 152 (second alteration in original) (quoting Jesse A. Howland & Sons, Inc. v. Borough of Freehold, 143 N.J. Super. 484, 489 (App. Div. 1976)).]

We recognize the doctrine of equitable estoppel is "rarely invoked against a governmental entity." Middletown, 162 N.J. at 367 (quoting Wood v. Borough of Wildwood Crest, 319 N.J. Super. 650, 656 (App. Div.1999)). Equitable estoppel may only be applied against a governmental entity "where interests of justice, morality and common fairness clearly dictate that course." Id. at 367 (quoting Gruber v. Mayor & Twp. Comm., 39 N.J. 1, 13 (1962)). Nonetheless,

13

here, for the reasons stated, there are material questions of fact in dispute on the issue whether the Borough should be estopped from disputing the validity of the permit.  In addition, defendant contended the Borough acted in bad faith when it issued the stop construction orders and imposed penalties, which defendant alleges was, among other things, an abuse of process.

Accordingly, it was premature for the court to grant the Borough summary judgment and the derivative relief it requested.  In addition, defendant had not yet completed discovery and it cannot be said further discovery would have been futile.  See Driscoll Const. Co. v. State, Dept. of Transp., 371 N.J. Super. 304, 317 (App. Div. 2004) ("A trial court should not grant summary judgment when the matter is not ripe for such consideration, such as when discovery has not yet been completed.").  Accordingly, we reverse those provisions of the November 20, 2017 order granting summary judgment to plaintiff and the other relief entered in plaintiff's favor.

II

Defendant argues the trial court erred when it denied his motion for summary judgment.  It is not clear from the record what defendant argued in support of his motion, thwarting our review of the merits of his position.  However, contrary to Rule 1:7-4, the trial court failed to provide any reason for

14

denying defendant's motion. Therefore, we vacate the provision in the November 20, 2017 order denying defendant's motion for summary judgment. On remand, the court shall provide to the parties its reasons for denying defendant's motion for summary judgment, within sixty days.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1989-17T2